FINANCIAL FREEDOM, SFC

v.

**Paul J. COOPER, Administrator of the Estate of Thelma Bruzdowski, Deceased.**

**Appeal of Abijah Immanuel.**

Superior Court of Pennsylvania.

Argued March 22, 2011.
Filed May 9, 2011.

Abijah Immanuel, appellant, pro se.

John W. Purcell, Harrisburg, for Financial Freedom, appellee.

BEFORE: BENDER, DONOHUE and OTT, JJ.

OPINION BY BENDER, J.:

Abijah Immanuel (Appellant) appeals *pro se* from the order denying his petition to intervene in Financial Freedom, SFC's (Appellee) mortgage foreclosure action. Appellant raises several allegations of error, all of which we conclude lack merit. Therefore, we affirm.

The facts of this case are relatively straightforward.

This case is a mortgage foreclosure which concerns 703 South 25th Street, Harrisburg, Pennsylvania (hereinafter "the Property"). Prior to her death, this house was owned by Ms. Thelma Bruzdowski. Financial Freedom SFC (hereinafter "Plaintiff") filed their Complaint in Mortgage Foreclosure against the estate of Ms. Bruzdowski (hereinafter "Defendant") for default on May 22, 2009. An Amended Complaint was filed November 4, 2009. The Amended Complaint was not answered and default judgment was entered against Defendant on December 14, 2009. On February 24, 2010[,] notice was given to any lienholder(s) that a sheriff's sale of the Property was to take place.

[Abijah Immanuel (hereinafter "Petitioner")] alleges that he purchased the Property via a Tax Sale of the Tax Claim Bureau pursuant to 72 P.S. § 5860.101 and recorded the deed on November 30, 2009. Petitioner filed the instant Petition [to Intervene] on March 26, 2010. Petitioner has also filed a Motion to Open/Strike default Judgment in this case on April 6, 2010 and additionally has initiated a separate proceed-

ing to quiet title to the Property ... on December 21, 2009.

Trial Court Opinion (T.C.O.), 6/30/10, at 1–2. The trial court denied Appellant's petition to intervene on the basis that the case was no longer pending. Appellant then filed this appeal. Initially, Appellant appealed to the Commonwealth Court. The case was then transferred to this Court along with Appellee's Application to Quash Appeal claiming that the Commonwealth Court lacked jurisdiction, as the underlying matter is a mortgage foreclosure action. We deny the Application to Quash since it is now moot.

In this appeal, Appellant presents three question for our review:

1. Did the trial court abuse its judicial discretion by failing to hold a "Hearing" under Pa.R.C.P. No. 2329 on said "Petition to Intervene"?

2. Under the holding of the PA Supreme Court in *Pavarotti* [*Pivirotto*] *v. City of Pittsburgh* [515 Pa. 246], 528 A[.]2d 125 (Pa[.] 1987) was the Tax Sale Purchaser (Appellant) the "indispensable party" and the "real owner" of the subject real estate under Pa.R.C.P. No. 1144(a)(3) which required said Tax Sale Purchaser to be named the "indispensable" Defendant in said Mortgage Foreclosure?

3. Does the Tax Sale Purchaser (as the real owner) enjoy "due process" of law rights under the 14th Amendment of the U.S. Constitution as outlined by the U.S. Supreme Court in *Mennonite Board of Missions v*[.] *Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) *before* said Tax Sale Purchaser is deprived of his real estate at a County Sheriff's Sale?

Brief for Appellant at 2.

 In the first question presented for our review, Appellant claims that the trial court erred in denying his petition to intervene without first holding a hearing. The right to intervene in an action is governed by Pa.R.C.P. 2327, which states that a person who has a certain recognized interest in the outcome of the litigation shall be permitted to intervene "[a]t any time during the pendency of an action." In the instant case, Appellant filed his petition to intervene after default judgment was entered in favor of Appellee.

To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only *during the pendency* of an action that the court may allow intervention. Pa.R.C.P. 2327. An action is "pending", according to Black's Law Dictionary (5th Ed.), when it is:

begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.

*In re Estate of Albright,* 376 Pa.Super. 201, 545 A.2d 896, 899 (1988). Therefore, it is clear that Appellant did not file his petition to intervene during the pendency of the underlying action. Furthermore, "where a court no longer has power to permit intervention because a matter has been finally adjudicated, a hearing on a petition to intervene would be pointless." *Id.* Based on the foregoing, we find no merit to Appellant's first question.

 In the second question presented for our review, Appellant claims that he was an indispensable party and that Appellee was obliged to join him as such. In so arguing, Appellant does not acknowledge that the mortgage foreclosure action was commenced *prior* to Appellant's purchasing of the property at a tax sale. As Appellant acquired his interest during the

course of the mortgage foreclosure proceeding, Appellee was clearly not required to join him as a party. On this point, the law is well-settled. "[O]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by decree **and need not be joined.**" *First Union Mortg. Corp. v. Frempong,* 744 A.2d 327, 336 (Pa.Super.1999) (emphasis added).

It is perfectly well-settled, that encumbrance[r]s who become such *pendente lite,* are not necessary parties to a bill to foreclose, although they are bound by the decree, for they can claim nothing except what belonged to the person under whom they assert title, since they have constructive notice; and there would be no end to such suits, if a mortgagor might by new encumbrances, created *pendente lite,* require all such encumbrances to be made parties.

*Resolution Trust Corp. v. Warwick Nurseries, Ltd.,* 450 Pa.Super. 200, 675 A.2d 730, 731–32 (1996).

Appellant acknowledges this body of law, but seeks to distinguish his case on the basis that Appellee filed an Amended Complaint of November 4, 2009, after Appellant had acquired his interest in the property.[1] Appellant relies on Pa.R.C.P. 1144(a)(3), which states that a property owner must be named as a defendant in a mortgage foreclosure complaint. But this naming of the property owner as a defendant refers to the complaint filed at the commencement of the action. *See* Pa. R.C.P. 1143. And as the foregoing precedent clearly indicates, a plaintiff in a mortgage foreclosure action is not required to join a party who takes an interest in the property after the commencement of the mortgage foreclosure proceeding. We conclude that this rule applies, regardless of whether a plaintiff subsequently files amended pleadings. Accordingly, there is no merit to Appellant's second question. In so holding, we note that it was the commencement of the mortgage foreclosure action by Appellee that put Appellant on constructive notice. Despite this notice, which we impute to Appellant, he nonetheless purchased the property at the tax sale. This was his folly.

In the third question presented for our review, Appellant claims that the proceedings in the trial court somehow run afoul of the U.S. Supreme Court's holding in *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). However, the Court's holding in *Mennonite* was concerned with the rights of the mortgagee, which is normally the bank, or Appellee herein, and not the rights of the property owner. *See RTC Mortg. Trust 1994–N–2 v. Fry,* 556 Pa. 603, 730 A.2d 476, 478 (stating that *Mennonite* required that "notice to a mortgagee be *reasonably calculated* to provide *actual notice* of a foreclosure sale"). Clearly, Appellant is not a mort-

---

1. Appellant also relies on the case of *Pivirotto v. City of Pittsburgh,* 515 Pa. 246, 528 A.2d 125 (1987). After review, we conclude that *Pivirotto* provides no support for Appellant's argument. First, *Pivirotto* was not a mortgage foreclosure action, but instead was one in which the plaintiff sued the city for negligent demolition. The basis for his action was that he was not provided proper notice. In *Pivirotto,* the plaintiff had purchased the property at a tax sale approximately eight months before the city commenced its condemnation proceedings against the property. However, the deed had not yet been conveyed to the plaintiff because there was at the time a one year period of redemption for the record owner to redeem the property following the tax sale. Our Supreme Court nonetheless concluded that the plaintiff was entitled to notice because at the time of the commencement of the condemnation proceedings he was an "owner" of the property within the meaning of 53 P.S. § 25094. *Pivirotto* is certainly inapplicable to this case because here Appellant was not the owner at the commencement of the proceedings.

gagee, and therefore, his reliance on *Mennonite* is misplaced.

Application to Quash Denied. Order Affirmed.