J-A20025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF AMERICA, N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE HECKSCHER, | |
| Appellee | |
| APPEAL OF: DOUGLAS AND SANDRA BARNHART, | |
| Appellants | No. 3094 EDA 2014 |

Appeal from the Order Entered September 24, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2009-05228

BEFORE:  DONOHUE, SHOGAN, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:              **FILED OCTOBER 05, 2015**

Appellants, Douglas and Sandra Barnhart, appeal from the September 24, 2014 order that denied their motion to intervene in a mortgage foreclosure action between Bank of America, N.A. and Maurice Heckscher. After careful review, we quash the appeal.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On April 12, 2007, Maurice Heckscher (hereinafter "Defendant") executed and delivered a mortgage in the principal sum of $297,000 to Mortgage Electronic Registration Systems ("MERS") as nominee for America's Wholesale Lender for a residence located at 5890 Route 412 in Riegelsville, Pennsylvania

(the "Property"). Bank of America, N.A. (hereinafter "Plaintiff") is the current holder of the mortgage.

Defendant defaulted on his mortgage obligations by failing to make payments due on November 1, 2008 and each month thereafter. After Defendant failed to cure the default, Plaintiff's predecessor in interest, BAC Home Loans Servicing, L.P. F/K/A Countrywide Home Loans Servicing, L.P. (hereinafter "BAC Home Loans Servicing"), filed a complaint in mortgage foreclosure on May 15, 2009. On October 29, 2009, Plaintiff filed a Motion for Summary Judgment, which we denied without prejudice on January 19, 2010. On March 24, 2010, BAC Home Loans Servicing filed a Praecipe for In Rem Judgment and attached a consent judgment thereto which was entered into between BAC Homes Loans Servicing and Defendant. On that same date, the Bucks County Prothonotary entered judgment in favor of BAC Homes Loans Servicing and against the Defendant in the amount of $328,686.59.[1]

[1] Pursuant to our November 1, 2010 order, damages were reassessed in the amount of $355,976.12.

On January 21, 2011, approximately ten (10) months following the entry of judgment, Appellants filed a Motion for Leave to Intervene in this action. Appellants alleged that they were the equitable owners and real occupiers of the Property and were the victims of a "foreclosure rescue scam" perpetrated by Defendant and other non-party individuals. In support of their Motion, Appellants attached a complaint they had previously brought before the United States Bankruptcy Court for the Eastern District of Pennsylvania in a matter involving an individual named Anthony J. Demarco, III.

Appellants' Motion and the various briefs filed in this matter revealed that Appellants purchased the Property in 1995 and granted a mortgage for the Property to Ameriquest Mortgage Company in 2002. Appellants defaulted on this mortgage, resulting in their own mortgage foreclosure action. On April 12, 2007, Appellants conveyed the Property to Defendant in a deal purportedly coordinated by Demarco to prevent the loss of Appellants' home. In conjunction with his acquisition of the Property, Defendant entered into the mortgage which is the basis of the matter brought before us.

On April 26, 2011, we issued an order approving a stipulation reached by the parties to stay the instant proceedings.[2] On March 25, 2013, upon motion of the Plaintiff, we issued an order lifting the stay.[3] Thereafter, various responses were filed by the parties to Appellants' Motion for Leave to Intervene. Appellants failed to praecipe their motion as required by Bucks County Rule of Civil Procedure 208.3(b). On April 9, 2014, Plaintiff filed a praecipe bringing the matter before us for disposition. We heard argument from the parties on September 4, 2014.[4]

[2] The stipulation was entered into between counsel for Plaintiff, Defendant, and Appellants.

[3] On January 28, 2013, Plaintiff filed a Petition to Lift Stay of Proceedings, which was served upon counsel for Appellants and Defendant. On February 14, 2013, we issued a Rule to Show Cause requiring an Answer to the Petition by March 11, 2013. After no timely responses were filed, Plaintiff filed a Motion to Make Rule Absolute on March 21, 2013. On March 25, 2013, we issued an order making rule absolute thereby lifting the stay.

[4] Pa.R.C.P. 2329 requires the Court to provide a hearing on a petition to intervene. We believe the oral arguments we provided on September 4, 2014 sufficiently satisfied this requirement. However, the Courts of this Commonwealth have explained that "where a court no longer has power to permit intervention because a matter has been finally adjudicated, a hearing on a petition to intervene would be pointless." *In re Estate of Albright*, 545 A.2d 896, 899 (Pa. Super. 1988). We believe we did not have the power to permit intervention as Appellant's Motion for Leave to Intervene was not filed during the pendency of the action as further discussed in our analysis, but we provided argument nonetheless.

After considering their arguments as well as the motion and responses thereto, we issued an order on September 2[4], 2014 denying Appellants' Motion for Leave to Intervene.

Appellants filed a Notice of Appeal to the Superior Court on October 20, 2014.[5]

> [5] 3094 EDA 2014.

Trial Court Opinion, 1/14/15, at 1-3 (internal citations to the record omitted). Both the trial court and Appellants have complied with Pa.R.A.P. 1925.

On appeal,[1] Appellants raise the following issues for this Court's consideration:

[A.] Whether the instant appeal is impermissibly interlocutory?

[B.] Whether the Court of Common Pleas' [sic] erred in denying Appellants' underlying Motion for Leave to Intervene in holding:

> (1) Pa.R.C.P. 2327 did not permit intervention post-underlying consent judgment between underlying Plaintiff and Defendant;
>
> (2) The Motion to Intervene was unduly delayed; and
>
> (3) The Motion to Intervene was procedurally defective pursuant to Pa.R.C.P. 2328.

Appellants' Brief at 10.[2]

In the first issue on appeal, Appellants argue that this appeal is properly before our Court. We disagree.

---

[1] We note that on June 11, 2015, Appellants filed with this Court an Application for Extension of Time to File Reply Brief. In an order filed on June 19, 2015, this Court granted Appellants' application and permitted Appellants to file a reply brief on or before July 2, 2015. However, no reply brief was filed.

[2] For purposes of our discussion, we have renumbered Appellants' issues.

Generally, an appellate court only has jurisdiction to review final orders. *See* Pa.R.A.P. 341 (providing that "an appeal may be taken as of right from any final order"). As the official note to Pa.R.A.P. 341 explains, "an order denying a party the right to intervene" is no longer considered an appealable final order but, in appropriate cases, **may** "fall under Pa.R.A.P. 312 (Interlocutory Appeals by Permission) or Pa.R.A.P. 313 (Collateral Orders)." *Id*., note (emphasis added).

*Mortgage Electronic Registration Systems, Inc. v. Malehorn*, 16 A.3d 1138, 1141 (Pa. Super. 2011). In the case at bar, Appellants did not seek permission to appeal the September 24, 2014 order. Therefore, this appeal must be quashed unless the order may be defined as a collateral order pursuant to Pa.R.A.P. 313. *Malehorn*, 16 A.3d at 1141 (citing *Commonwealth v. Kennedy*, 876 A.2d 939, 943 (Pa. 2005) (stating that "whether an order is appealable as a collateral order under Rule 313 is an issue of an appellate court's jurisdiction to entertain an appeal")).

The Pennsylvania Rules of Appellate Procedure provide as follows:

**Collateral Orders**

**(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

Here, we conclude that the first two prongs of Rule 313's three-prong test are satisfied. The order denying Appellants' motion to intervene is

collateral to the property rights at issue in the mortgage foreclosure action. *Malehorn*, 16 A.3d at 1142. Next, the order denying Appellants' motion to intervene directly affects their right to property which is deeply rooted in public policy going beyond the underlying litigation. *Id*.

However, we find that the third prong requiring that the question presented is such that if review is postponed until final judgment, the claim will be irreparably lost, cannot be met in this case. We reach this conclusion because final judgment was entered ten months before Appellants filed their motion to intervene. It is axiomatic that Appellants stand to lose nothing if judgment is entered because judgment has already been entered.

Additionally, upon review of Appellants' second issue, we conclude that because judgment was entered, there is nothing pending, which is a requirement in a motion to intervene under Rule 2327. As noted above in the second question presented for review, Appellants allege that the trial court erred in its application of Pa.R.C.P. 2327. Rule 2327 provides as follows:

> **Who May Intervene**
>
> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2327.

In **Financial Freedom, SFC v. Cooper**, 21 A.3d 1229 (Pa. Super. 2011), this Court addressed the denial of a petition to intervene where judgment has already been entered as follows:

> To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only **during the pendency** of an action that the court may allow intervention. Pa.R.C.P. 2327. An action is "pending", according to Black's Law Dictionary (5th Ed.), when it is:
>
> > begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.

**Cooper**, 21 A.3d at 1231 (quoting **In re Estate of Albright**, 545 A.2d 896, 899 (Pa. Super. 1988)) (emphasis in original). Here, no action was "pending" when Appellants filed the motion to intervene. Judgment was entered on March 24, 2010, in the foreclosure action, and Appellants did not file their motion to intervene until January 21, 2011. Moreover, we point out that Appellants became aware of the underlying foreclosure action in August of 2009, but they did not attempt to intervene until January of 2011.

Appellants' Petition to Intervene, 1/21/11 (Exhibit A, ¶ 36). Thus, between August 2009 and March 24, 2010, Appellants had the opportunity to file a viable petition to intervene as there was an action pending.

Appellants argue that because there had been no sheriff's sale, the action remained pending when they filed their motion to intervene. Appellants' Brief at 18. Appellants cite to **Merrill Lynch Mortg. Capital v. Steele**, 859 A.2d 788 (Pa. Super. 2004), as support for their position. However, after review, we conclude that **Steele** provides no support, and we find that Appellants' position is untenable.

In **Steele**, the buyer bought real property from the record owner on the day before sheriff's sale. The buyer was unaware of the sheriff's sale, and the buyer's deed was filed just hours after the sheriff's sale occurred. Following the sheriff's sale to a third party, and prior to the sheriff's deed to the third party being issued, the buyer filed a petition to set aside the sheriff's sale. The third party moved for summary judgment claiming that the buyer did not have standing and averred that the third party was a *bona fide* innocent purchaser for value. The trial court agreed and granted the motion for summary judgment. The buyer appealed, and this Court reversed concluding that the buyer had standing to file the petition to set aside the sheriff's sale and that the third party was not a *bona fide* innocent purchaser for value, as opposed to the buyer, who was a *bona fide* innocent purchaser for value. We also point out that the decision in **Steele** focused

on Pa.R.C.P. 3132. Pa.R.C.P. 3132 provides that "any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances." Here, however, we are not presented with an issue involving setting aside a sheriff's sale under Pa.R.C.P. 3132. Rather, we are addressing a petition to intervene under Pa.R.C.P. 2327. There is nothing in **Steele** concerning a petition to intervene, and nothing in the **Steele** case holds that a mortgage foreclosure action remains pending under Pa.R.C.P. 2327 until after a sheriff's sale. Appellants' argument is meritless.

For the reasons set forth above, we conclude that the third prong of Rule 313 regarding collateral orders is not met because Appellants have no claim to be lost if judgment is entered because judgment was already entered. Moreover, when Appellants filed their motion to intervene, there was no action pending within the definition of Rule 2327; therefore, Appellants had no action in which to intervene. Accordingly, we need not address Appellants' additional claims of trial court error as the appeal must be quashed. **Malehorn**, 16 A.3d at 1141; Pa.R.A.P. 313.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/5/2015</u>