IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold Myers and Vera : 
Myers, h/w : No. 2232 C.D. 2014
 : Submitted: July 24, 2015
v. :
 :
RB & AK Properties, Inc. :
 :
 :
Appeal of: Jacob Singer and :
Albert Martin :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN          FILED:  October 7, 2015


Jacob Singer and Albert Martin (Appellants) appeal from the November 10, 2014, order of the Montgomery County Court of Common Pleas (trial court) denying Appellants' emergency petition to intervene in a mortgage foreclosure action.  We affirm.

Harold and Vera Myers, husband and wife, provided a mortgage to RB & AK Properties, Inc. (RB) on property located at 2728 Mt. Carmel Avenue, Glenside, being Parcel No. 30-00-37900-005 (Property).  The Myerses recorded the mortgage on October 25, 2005, in the Office of the Recorder of Deeds for Montgomery County in Record Book 1162, page 1325.  However, the mortgage was

incorrectly indexed under the wrong parcel numbers, 30-00-45352-005 and 30-00-45351-204.

RB defaulted on the mortgage. On April 2, 2013, the Myerses filed, and the prothonotary duly indexed, a complaint in mortgage foreclosure against RB regarding the Property.

Because RB failed to pay taxes on the Property, an upset tax sale was held on September 12, 2013. Appellants purchased the Property at the upset tax sale for $51,385.[1] Prior to their purchase, Appellants conducted a search of the Property, which failed to reveal a mortgage on the Property. On October 23, 2013, the trial court entered a default judgment in favor of the Myerses in the mortgage foreclosure action. On January 17, 2014, Appellants recorded their deed to the Property.

The Myerses sought to sell the Property at a sheriff's sale and discovered that Appellants had purchased the Property at an upset tax sale. On April 29, 2014, the Myerses notified Appellants of a pending sheriff's sale, scheduled for June 25, 2014.

The sheriff's sale was continued while Appellants and the Myerses negotiated a settlement. The negotiations failed and, on October 7, 2014, Appellants filed an emergency petition to intervene in the foreclosure action.

---

[1] A purchaser at an upset tax sale takes the property subject to all existing mortgages, liens and encumbrances. *See* section 609 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.609.

A hearing was held before the trial court on October 15, 2014.[2] Appellants argued that they did not have constructive notice of the mortgage pursuant to section 3 of the Act of April 24, 1931 (Act),[3] because the Myerses' mortgage was

---

[2] We note that Appellants testified that they did a search of the property. However, the record does not contain a detailed title search or testimony regarding what Appellants' search included. Appellants attached only three pages to their answer to the Myerses' complaint (Answer). In their Answer, Appellants explained what was included in the attachments:

> Prior to purchasing the property, [Appellants] searched the records of Montgomery County to assess whether any mortgages existed against the [P]roperty, then owned by [RB]. The search revealed the following:

> A. All mortgages recorded against [Property] are shown i[n] Exhibit 1 attached hereto. As shown thereon, there were no outstanding mortgages against [Property]. Mortgage 11627-[0]1325, which [the Myerses] claim covers the said parcel number, is not listed.
> B. All mortgages recorded against [RB] are shown in Figure 2. The mortgage at issue, 11627-01325 is not listed. Thus, [Appellants] concluded that there were no mortgages outstanding against the [P]roperty and successfully bid the upset price for the [P]roperty. . . .
> C. For this response to the Complaint which identifies the mortgage in question, [Appellants] have now searched for mortgage 11627-01325. The result is shown as Figure 3. It is obvious why [Appellants] did not find this mortgage during their mortgage search prior to purchasing the [P]roperty: the mortgage covers parcels 30-00-453-20-4 and 30-00-45353-00-5. It does not cover the parcel owned by [Appellants] . . . as alleged by [the] Myers[es]. Obviously, if the mortgage was to cover this parcel, it was not correctly indexed, and was not constructive notice to [Appellants] when they purchased the [P]roperty at the tax sale.

(Answer, 10/7/14, ¶ 11, at 1-2.)

[3] P.L. 48, added by Section 1 of the Act of July 7, 2006, P.L. 596, *as amended*, 21 P.S. §358. Section 3 of the Act provides:

> In order for a document presented for record to the office of a
> recorder of deeds of a county to be *constructive notice* for the purpose
> of this act or the act of May 12, 1925 (P.L. 613, No. 327), entitled

**(Footnote continued on next page…)**

improperly indexed. On November 10, 2014, the trial court dismissed the petition to intervene "based upon the holding in *Financial Freedom, SFC v. Cooper*, 21 A.3d 1229 (Pa. Super[.] 2011)." (Trial Ct. Order, 11/10/14, at 1.) In its opinion, the trial court concluded that Appellants had constructive notice of the mortgage foreclosure action, which was filed before Appellants purchased the Property.

On November 18, 2014, Appellants filed a request for reconsideration of the trial court order. On November 19, 2014, the Myerses assigned the judgment in mortgage foreclosure to US Asset Funding, L.P. (USAF).[4] The trial court denied

---

**(continued…)**

> "An act regulating the recording of certain deeds, conveyances, and other instruments of writing, and fixing the effect thereof as to subsequent purchasers, mortgagees, and judgment creditors," or otherwise, *the document shall be recorded, and* one of the following conditions shall be satisfied:
>
> (1) In counties where the act of January 15, 1988 (P.L. 1, No. 1), known as the "Uniform Parcel Identifier Law," applies, the uniform parcel identifier is endorsed or included on the document, *and it is indexed properly in an index arranged by uniform parcel identifiers*.
>
> (2) *The document is indexed properly as to the party in all alphabetical indices* . . . . For purposes of this section, the term "document" means a document that is eligible to be recorded in the office of the recorder of deeds, including, but not limited to deeds, mortgages . . . and includes documents presented for record in person, by mail, electronically or in any other manner.

21 P.S. §358 (emphases added).

[4] Thus, USAF now stands before us in the shoes of the Myerses.

Appellants' request for reconsideration by order dated December 5, 2014. On December 8, 2014, Appellants appealed to this court.[5,6]

Initially before this court is USAF's motion to dismiss Appellants' appeal as moot. USAF contends that because the Property was sold at a sheriff's sale and the deed was duly recorded, the Myerses no longer own the Property and, therefore, no effect can be given to an order ruling in favor of Appellants. Thus, USAF contends that the issue is moot and this appeal must be dismissed. We disagree.

In *Commonwealth ex rel. Stein v. Stein*, 406 A.2d 1381, 1385 (Pa. 1979), the Supreme Court determined that "[t]he survival of [a] petitioner's direct pecuniary interest in the disposition of [a] case, despite the sale of the domicile at mortgage foreclosure, precludes a determination of mootness." Here, Appellants had a pecuniary interest in the Property via their purchase of the Property at the upset tax sale. Thus, regardless of the sale of the Property after the mortgage foreclosure, Appellants' issue is not moot. *Id.* Therefore, we deny USAF's motion to dismiss.

Appellants initially contend that the trial court erred in holding that Appellants cannot intervene in this case wherein a final order has been issued, and

[5] On December 10, 2014, the Property was sold at a sheriff's sale to Beth Stern Fleming, attorney on writ, for $3,385.83. On January 9, 2015, the sheriff's deed was recorded in the Montgomery County recorder of deeds office.

[6] Our review of the trial court's denial of a petition to intervene is limited to determining whether it abused its discretion or committed an error of law. *Realen Valley Forge Greenes Associates v. Upper Merion Township Zoning Hearing Board*, 941 A.2d 739, 743 n.6 (Pa. Cmwlth. 2008).

Appellants did not have actual or constructive notice of a mortgage or of any pending mortgage foreclosure litigation.

Pursuant to Pa. R.C.P. No. 2327, a party may petition to intervene in an action "[a]t any time during the *pendency* of an action." (Emphasis added.) The Superior Court in *Financial Freedom* determined that a petition to intervene in an action is not permitted "after default judgment was entered in favor of [a]ppellee" and the matter was finally resolved. 21 A.3d at 1231. The Superior Court further determined that the appellant in *Financial Freedom* was not an indispensable party because the mortgage foreclosure proceeding was commenced before the appellant purchased the property at a tax sale. *Id.* at 1231-32. Therefore, the appellant was not required to be joined as a party. *Id.*

Here, the Myerses filed the mortgage foreclosure action on April 2, 2013, before Appellants purchased the Property on September 12, 2013. Further, the matter was finally resolved on October 23, 2013, when a default judgment was entered in the Myerses' favor. Thus, because the mortgage foreclosure action was filed prior to Appellants' purchase, the Myerses were not required to notify or join Appellants as a party in its mortgage foreclosure action. *See id.*

Next, Appellants allege that because the Myerses failed to properly index the mortgage by parcel number, Appellants did not have constructive notice of the mortgage prior to purchase. Proper indexing is required to impose constructive notice of the mortgage on Appellants. *See* 21 P.S. §358. However, Appellants failed

6

to argue or present any testimony or evidence before the trial court that the mortgage *foreclosure* action was improperly indexed.

In *Financial Freedom*, it was the mortgage foreclosure action, not the mortgage itself, that dictated the notice. Here, absent any testimony or evidence regarding the filing and indexing of the mortgage foreclosure action, it is impossible for the trial court or this court to determine whether the mortgage foreclosure action was improperly indexed.

Further, section 3 of the Act requires that the document be properly indexed by "parcel identifier" or by "party." Here, Appellants failed to allege that the mortgage was not properly indexed by party. Thus, Appellants are deemed to have had constructive notice of the mortgage, as well as the mortgage foreclosure action. The trial court did not err in so finding.

Next, Appellants contend that the trial court erred in first stating the reasons for denying Appellants' petition to intervene in its Pa. R.A.P. 1925(a) opinion. We disagree.

The trial court filed its order on November 10, 2014, dismissing the petition to intervene based on *Financial Freedom*. On November 18, 2014, Appellants requested reconsideration, which the trial court denied by order dated December 5, 2014. On December 8, 2014, Appellants appealed to this court. Thereafter, on December 23, 2014, Appellants filed their statement of errors

7

complained of on appeal, and, on February 11, 2015, the trial court filed its Pa. R.A.P. 1925(a) opinion.

Pursuant to Pa. R.A.P. 1925(a)(1), "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal . . . shall forthwith file of record at least a brief opinion of the reasons for the order." That is exactly what the trial court did in this case.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

Judge Brobson dissents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold Myers and Vera : 
Myers, h/w : No. 2232 C.D. 2014
 : 
v. : 
 : 
RB & AK Properties, Inc. : 
 : 
 : 
Appeal of: Jacob Singer and : 
Albert Martin : 

ORDER

AND NOW, this 7th day of October, 2015, we hereby deny the motion to dismiss filed by US Asset Funding, L.P. and affirm the November 10, 2014, order of the Montgomery County Court of Common Pleas.

_____
ROCHELLE S. FRIEDMAN, Senior Judge