J. S36032/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST | : | IN THE SUPERIOR COURT OF |
| CO. AS TRUSTEE FOR QUEST TRUST | : | PENNSYLVANIA |
| 2006-XI, ASSET BACKED | : | |
| CERTIFICATES, SERIES 2006-XI | : | |
| | : | |
| v. | : | |
| | : | |
| SOPHIE CAHEN VORBURGER | : | |
| | : | No. 3440 EDA 2016 |
| APPEAL OF:  LAKE REGION | : | |
| DEVELOPMENT III, LLC | : | |

Appeal from the Order Entered October 4, 2016,
in the Court of Common Pleas of Wayne County
Civil Division at No. 145-2007-Civil

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 12, 2018**

Lake Region Development III, LLC ("Lake") appeals the order that denied its petition to intervene and its petition to stay and set aside writ of execution.  After careful review, we affirm.

In December 2004, Sophie Cahen-Vorburger ("Cahen-Vorburger") acquired the property identified as Wayne County Tax Parcel No. 19-294-0034.0005 and located at 19 or 20 Bone Ridge Road, Lakeville, Pennsylvania ("Property").  On August 12, 2005, Cahen-Vorburger granted a mortgage to Ameriquest Mortgage Company ("Ameriquest") that was recorded in Wayne County Record Book 2844 at page 1.  This mortgage described the Property. This mortgage did not list Cahen-Vorburger's last name as

"Cahen-Vorburger" but listed it as "Vorburger." The Mortgage was indexed under "V" in the Wayne County Recorder of Deeds. The deed to the Property was indexed under "C." Other mortgages for Cahen-Vorburger were indexed under "C." The Ameriquest Mortgage was assigned several times between 2005 and 2007, with Deutsche Bank National Trust Co. ("Deutsche Bank") as trustee for Quest Trust 2006-XI, Asset Backed Certificates, Series 2006-XI, the last assignee.

Cahen-Vorburger defaulted on the mortgage for the payment due November 1, 2006. On March 2, 2007, Deutsche Bank filed a complaint in mortgage foreclosure. Cahen-Vorburger did not file an answer. Deutsche Bank filed a praecipe for judgment and assessment of damages which was entered by the Wayne County Prothonotary on July 22, 2009. On petition by Deutsche Bank and a corresponding order entered by the trial court on August 21, 2012, Deutsche Bank filed a praecipe to enter judgment and reassess damages on October 15, 2012. Writs of execution were issued in 2012 and 2013, but no sheriff's sale was ever held.

Lake, a Pennsylvania limited liability company, acquired the Property from the Tax Claim Bureau of Wayne County at a tax sale in 2014. The deed was issued on September 8, 2014 and recorded in Wayne County Record Book 4790 at page 93. Because Lake's name was entered incorrectly on the deed, a corrective deed was issued with the correct name. The new deed was recorded in Wayne County Record Book 4794 at page 88. The

Property was advertised to Tax Sale by the Wayne County Tax Claim Bureau as the property of Sophie Cahen-Vorburger, based on a 2004 deed dated December 8, 2004 and recorded in the Wayne County Record Book 2691 at page 230.

On March 7, 2016, Deutsche Bank again praeciped for a writ of execution. A sheriff's sale was scheduled for June 1, 2016. On May 24, 2016, the sheriff's sale was continued until September 7, 2016.

On July 27, 2016, Lake petitioned to intervene in the foreclosure action and petitioned to stay and set aside the writ of execution issued on March 7, 2016. In the petition to intervene, Lake alleged the following:

7.      Prior to the 2014 Tax Sale, [Lake] had a title search done for the property of Sophie Cahen-Vorburger, as that is how the Property owner was listed by the Wayne County Tax Claim Bureau, which is consistent with her recorded deed. The search disclosed 3 mortgages against the Property, but not the Ameriquest Mortgage, nor the Deutsche Bank Foreclosure action, as they were not properly filed against the Property.

8.      [Lake] was notified in April of this year that the Writ of Execution was issued for the Property and a Sheriff Sale scheduled, which was postponed until September 7, 2016.

9.      [Lake] is seeking to set aside the Writ of Execution based upon the Ameriquest Mortgage not being perfected as alien [sic] against the Property and the Mortgage Foreclosure action was improperly filed.

10.      [Lake] is an innocent purchaser for value and the Writ of Execution should be set aside.

Petition to intervene, 7/27/at 1-2 ¶¶ 7-10.

In the petition to stay and set aside the writ of execution, Lake alleged:

10. [Lake] purchased the Property in reliance on both the Tax Claim Bureau listing and the records of the Recorder of Deeds, which were accurate.

11. The Ameriquest Mortgage was assigned several times, but every Assignment followed the same mistake of listing the Mortgagor as Sophie Cahen Vorburger, all of which were indexed as Vorburger and not as Cahen-Vorburger. The Assignments were questioned by [Deutsche Bank] and an Order was entered by this Court on July 12, 2013, striking three Assignments, and that Order was also recorded in the Recorder of Deeds Office in Record Book 4593 at page 23. . . .

12. Neither the Assignments of the Ameriquest Mortgage, nor the 2013 Order . . . showed up in the title search done on behalf of [Lake] prior to the 2014 Tax Sale because they are all indexed under "V" in the Recorder's computer index and not under "C".

13. The Ameriquest Mortgage is defective as to the mortgage lien that Ameriquest intended to put on the Property because the Mortgagor was not properly set forth on the Ameriquest Mortgage and, as a result thereof, this Mortgage Foreclosure and the Writ of Execution issued are also defective.

14. [Lake] is an innocent purchaser of value because [Lake] acquired the property, owned by Sophie Cahen-Vorburger by paying $21,826.00 to the Wayne County Tax claim Bureau. [Lake] also made improvements to

> the Property in reliance upon the deed granted it by the Tax Claim Bureau.

> 15. [Lake] only became aware of the Mortgage foreclosure action and Writ of Execution when it was recently served with the notice of Sheriff's sale.

> 16. While Deutsche Bank, as the Trustee for the mortgage assets previously held by Ameriquest and/or its assignees, apparently has a right to pursue Sophie Cahen-Vorburger for nonpayment on the mortgage loan, it does not have a right to execute on a mortgage lien that was not perfected against the Property, as the named Defendant in the Writ was never the owner of the Property.

Petition to stay and set aside writ of execution, 7/27/16 at 2-3 ¶¶ 10-16.

Deutsche Bank opposed the petitions. The trial court conducted a hearing on the petitions on September 13, 2016. On October 4, 2016, the trial court denied both petitions. The trial court reasoned that intervention was improper because the mortgage foreclosure was not a pending action as judgment had been entered. *See* Pa.R.C.P. 2327. The trial court also determined that because intervention was improper, Lake did not have standing to challenge the execution process as it was not a party.

Lake moved for reconsideration which the trial court denied on October 24, 2016. Lake appealed to this court on November 3, 2016. On November 10, 2016, the trial court ordered Lake to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Lake complied with the order on November 30, 2016.

Lake raises the following issues for this court's review:

> 1. Did the [trial] court err in denying [Lake's] petition to intervene pursuant to Rule 3183 of the Pa Rules of Civil Procedure?
>
> 2. Did the [trial] court err in denying [Lake's] petition to set aside the writ of execution for the sheriff's sale of the property?

Lake's brief at 6 (capitalization omitted).

"[I]t is well established that a 'question of intervention is a matter within the sound discretion of the trial court and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review.'" *Nemirovsky v. Nemirovsky*, 772 A.2d 988, 991-992 (Pa.Super. 2001), quoting *Wilson v. State Farm Mut. Auto Ins. Co.*, 517 A.2d 944, 947 (Pa. 1986). In deciding whether to grant or deny a petition to intervene, a trial court must determine whether the petition's allegations have been established, and if they have, whether the allegations demonstrate that the petitioner has sufficient interest to justify intervention. *Marion Power Shovel Co., Div. of Dresser Indus., Inc. v. Fort Pitt Steel Casting Co., Div. of Conval-Penn, Inc.*, 426 A.2d 696 (Pa.Super. 1981).

The trial court here relied on Rule 2327 of the Pennsylvania Rules of Civil Procedure when it denied the petition to intervene on the basis that the foreclosure action was no longer pending. Rule 2327 provides:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

(1) the entry of a judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or

(2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or an officer thereof; or

(3) such a person could have joined as an original party in the action or could have been joined therein; or

(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action.

Pa.R.C.P. No. 2327.

In a similar case, *Fin. Freedom SFC v. Cooper*, 21 A.3d 1229 (Pa.Super. 2011), Financial Freedom SFC ("FF") filed a complaint in mortgage foreclosure against the Estate of Thelma Bruzdowski ("the Estate") on May 22, 2009. An amended complaint was filed on November 1, 2009. No answer was filed. A default judgment was entered against the Estate on December 14, 2009. On February 24, 2010, notice was given to any lienholders that a sheriff's sale would take place. *Id.* at 1230.

Abijah Immanuel ("Immanuel") purchased the property that was subject to foreclosure through a tax sale of the Tax Claim Bureau and recorded a deed on November 30, 2009. Immanuel petitioned to intervene in the foreclosure action on March 26, 2010. The Court of Common Pleas of

Dauphin County denied the petition to intervene on the basis that the mortgage foreclosure action was no longer pending. *Id.* at 1230-1231.

On appeal to this court, one of the issues raised by Immanuel was that the Court of Common Pleas of Dauphin County erred when it denied his petition to intervene without holding a hearing. This court applied Rule 2327 and determined that a petition to intervene could only be granted during the pendency of an action. The court also determined that the foreclosure action was pending from its inception until a final judgment was reached. Because Immanuel did not file his petition to intervene until after the default judgment was entered, he did not file it during the pendency of the underlying action. Because it was not possible for Immanuel's petition to be granted, the Court of Common Pleas of Dauphin County did not abuse its discretion when it declined to hold a hearing. *Id.* at 1231.

Here, Deutsche Bank commenced the mortgage foreclosure action on March 2, 2007. Judgment was entered on July 22, 2009. On August 21, 2012, Deutsche Bank petitioned for leave to reassess damages. The trial court granted the petition. On October 15, 2012, Deutsche Bank praeciped to enter judgment and reassess damages. The prothonotary entered judgment on October 15, 2012. Lake did not file its petition to intervene until July 27, 2016. Because the petition to intervene was not filed until years after judgment was entered, the foreclosure action was not pending. The trial court properly denied the petition to intervene.

Lake argues that the trial court erred because it did not apply Rule 3183(d)(3) of the Pennsylvania Rules of Civil Procedure, entitled Stay of Execution, Setting Aside Execution, when it decided the petition to intervene. Rule 3183(d)(3) provides that "(d) The court may on application of any party in interest set aside the writ or service . . . (3) upon any other legal or equitable ground." Pa.R.C.P. No. 3183(d)(3). Lake argues that it was a party in interest because it purchased the Property at the tax sale. Lake further argues that Rule 2327 is not applicable because that rule governs a person attempting to intervene in a pending action.

This court does not agree with Lake's analysis. First, Lake mischaracterizes the meaning of Rule 2327. Rule 2327 provides that a person not a party to an action may be permitted to intervene during the pendency of an action if certain conditions are met. Lake treats Rule 2327 as only applying if an action is still pending, but that if an action is not pending, Rule 2327 is not an impediment to intervention. This court does not accept Lake's reasoning. Rule 2327 provides the means for a person to intervene in a current or pending action. Once the action is not pending, the avenue to intervention is closed. Lake believes that once the action is not pending, it can avoid the constraints of Rule 2327 to intervene. However, it does not cite relevant case law to support its theory. Second, Lake ignores the clear precedent of **Cooper**. In virtually the same factual situation, this

court held that a person could not intervene in a foreclosure action once the action was no longer pending.[1]

       Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/18

---

[1] Because this court has determined that the trial court did not abuse its discretion when it denied the petition to intervene, we need not address the second issue regarding the denial of the motion to stay and set aside writ of execution as appellant was not party to the litigation.