J-A18042-25

2025 PA Super 212

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 1778 EDA 2024 |
| DURTY DEVILZ PROPERTY INVESTMENTS, LLC | : : : : | |
| APPEAL OF: PHILADELPHIA COMMUNITY DEVELOPMENT COALITION | : : : : | |

Appeal from the Order Entered June 4, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230401655

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

OPINION BY DUBOW, J.:                    **FILED SEPTEMBER 23, 2025**

Appellant, Philadelphia Community Development Coalition ("PCDC"), appeals from the June 4, 2024 order entered in the Philadelphia County Court of Common Pleas that denied Appellant's petition to intervene in a mortgage foreclosure action.  After careful review, we affirm.

The factual and procedural history is as follows.  On December 17, 2021, Durty Devilz Property Investments, LLC ("Durty Devilz"), as part of a financing transaction, gave a mortgage on its property located at 1419 South Hanson Street, Philadelphia, Pennsylvania ("Property") to a lender.  The lender subsequently transferred the mortgage to MCLP Asset Company, Inc.

("MCLP"). Durty Devilz defaulted on its mortgage payment obligations beginning on October 1, 2022 and each month thereafter. As a result, on April 17, 2023, MCLP initiated an *in rem* foreclosure action against Durty Devilz. On February 15, 2024, the trial court entered default judgment in favor of MCLP. On February 26, 2024, MCLP filed a praecipe to substitute MCLP with U.S. Bank Trust National Associations ("U.S. Bank"), not in its individual capacity but solely as owner trustee for RCAF Acquisition Trust. On March 6, 2024, the court issued a writ of execution against the Property.

On April 10, 2024, PCDC, a nonprofit organization, filed a petition for determination of title to the Property in the Orphans' Court Division of the Court of Common Pleas. On May 1, 2024, it also filed a *lis pendens* on the Property asserting equitable claim to title.

On May 30, 2024, PCDC filed an emergency petition to intervene in the mortgage foreclosure action between U.S. Bank and Durty Devilz. On the same day, PCDC also filed an emergency petition to postpone the sheriff's sale of the Property, which the court granted. On June 4, 2024, the court denied PCDC's petition to intervene after a hearing, finding that PCDC did not have standing to intervene.

This appeal followed.[1] Both PCDC and the trial court complied with Pa.R.A.P. 1925.

---

[1] On June 26, 2024, PCDC filed both a motion to reconsider the denial of its petition to intervene and a notice of appeal. On August 19, 2024, the motion
*(Footnote Continued Next Page)*

- 2 -

PCDC raises the following issue on appeal: "[Did] the lower court err[] in denying [PCDC's] petition to intervene?"  Appellant's Br. at vii.

"It is well established that a question of intervention is a matter within the sound discretion of the [trial] court[,] and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review."  ***Bogdan v. Am. Legion Post 153 Home Ass'n***, 257 A.3d 751, 757 (Pa. Super. 2021) (citation omitted).

An entity with a recognized interest in the outcome of litigation shall be permitted to intervene "[a]t any time during the pendency of an action[.]"  Pa.R.C.P. 2327.  "To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure."  ***Fin. Freedom, SFC v. Cooper***, 21 A.3d 1229, 1231 (Pa. Super. 2011) (citation omitted).  A court, therefore, may not allow intervention after default judgment has been entered.  ***See id.*** (holding that the lower court did not have power to permit intervention because an underlying foreclosure action was no longer pending following entry of default judgment); ***see also U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1027 (Pa. Super. 2017) (same).

Here, PCDC filed its petition to intervene on May 30, 2024, more than three months after the trial court entered default judgment on February 15,

---

to reconsider was properly dismissed and denied by the court.  ***See*** 42 Pa.C.S. § 5505 (precluding the lower court from modifying its prior order if an appeal has been taken from that order).

2024. As the matter had been finally resolved at the time of the petition and was no longer pending, Rule 2737 precluded intervention. Accordingly, PCDC's issue is without merit.[2]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/23/2025

---

[2] PCDC attempts to argue that this matter is distinguishable because "[i]n filing its petition in Orphans' Court, PCDC is asserting that the mortgage held by U.S. Bank[] is void *ab initio* on the basis of fraud[,]" and therefore "the final judgment in this matter would similar[ly] be predicated on fraud and void *ab initio*." Appellant's Br. at 16-17. The fact that PCDC has filed an action in Orphan's Court is of no moment. PCDC has provided us with no legal authority, and we have found none, in which allegations in a separate and distinct litigation confers standing in a case like this one. We, therefore, reject this argument.