J-S35016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TRUIST BANK, F/K/A BRANCH BANKING AND TRUST COMPANY | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| CARL ROBERT MRAZ A/K/A CARL R MRAZ | : : : | No. 617 MDA 2024 |
| APPEAL OF: SERCA LLC | : : : | |

Appeal from the Order Entered March 27, 2024
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-2024-2022

BEFORE:  PANELLA, P.J.E., MURRAY, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: OCTOBER 29, 2024**

Serca LLC (Appellant) appeals from the order denying Appellant's petitions to 1) intervene in the underlying mortgage foreclosure action; 2) strike the default judgment entered in favor of Truist Bank, F/K/A Branch Banking and Trust Company (Truist Bank), and against property owner Carl Robert Mraz A/K/A Carl R. Mraz (Mraz); and 3) open the default judgment. After careful review, we affirm.

On November 23, 2022, Truist Bank filed a complaint in mortgage foreclosure against Mraz regarding property located at 1701 Centre Street in Ashland, Pennsylvania (the property).  Truist Bank averred that on December 7, 2012, Mraz executed a mortgage in favor of Susquehanna Bank, as well as a promissory note securing the mortgage.  Complaint, 11/23/22, ¶¶ 3, 5.

"Subsequently thereto, Susquehanna Bank[] was acquired by Branch Banking and Trust Company and became known as" Truist Bank. *Id.* ¶ 4. Truist Bank alleged the mortgage was in default, because Mraz failed to pay the monthly payment due September 26, 2019, and every month thereafter. *Id.* ¶ 7.

Mraz did not file an answer to the complaint. On April 19, 2023, the trial court entered a default judgment, *in rem*, in favor of Truist Bank and against Mraz.

The trial court explained what subsequently transpired:

> Prior to foreclosure, [Appellant] purchased the property through [a] private tax sale agreement with the Schuylkill County Tax Bureau on October 2[6], 2021. However, the sale agreement was not finalized[,] and [Appellant] did not become record owner until the deed was transferred on May 4, 2023, and recorded on May 18, 2023, after default judgment had been entered.
>
> On August 24, 2023, [Truist Bank] commenced execution proceedings by filing a writ of execution seeking [a] sheriff's sale of the property. At the time the writ of execution was filed[, Truist Bank] had no notice or actual knowledge of [Appellant's] now record interest in the property[,] so [Truist Bank] did not list [Appellant] as an owner or reputed owner in the affidavit under Pa.R.C.P. 3129.1[1] that was contemporaneously filed with the writ of execution.

---

[1] Rule 3129.1 mandates that "[n]o sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served." Pa.R.C.P. 3129.1(a). The affidavit must set forth:

> (1) the owner or reputed owner of the real property and of the defendant in the judgment; and
>
> (2) every other person who has any record lien on that property; and

*(Footnote Continued Next Page)*

Trial Court Opinion, 3/27/24, at 1-2 (footnote added).

On December 5, 2023, Appellant filed a petition to intervene. Appellant alleged it had entered into a private sale agreement with the Schuylkill County Tax Claim Bureau for the property on October 26, 2021; therefore, Appellant had an equitable interest in the property at the time Truist Bank initiated foreclosure proceedings. Petition to Intervene, 12/5/23, ¶¶ 14-15. Appellant also argued it was the deeded owner of the property at the time Truist Bank filed a writ of execution. *Id.*, ¶ 16. Appellant pointed out that Truist Bank did not name Appellant as a record owner in its Rule 3129.1 affidavit. *Id.*, ¶ 19.

Subsequently, on December 8, 2023, Appellant filed a petition to strike or open the default judgment. Appellant restated its assertions that it owned the property, and Truist Bank did not name Appellant in its Rule 3129.1 affidavit. Petition to Strike, 12/8/23, ¶¶ 7-13. Appellant argued the

---

(3) every other person who has any record interest in that property which may be affected by the sale; and

(4) every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.

Pa.R.C.P. 3129.1(b).

foreclosure should be "deemed void *ab initio* for failure to join [Appellant] as a party." ***Id.***, ¶ 16.

In reply, Truist Bank asserted Appellant did not have a record interest in the property until after entry of the default judgment; therefore, Appellant was not a necessary party. Reply to Petition to Intervene, 1/17/24, ¶¶ 17-19; ***see also*** Reply to Petition to Strike, 1/17/24, ¶¶ 11-13. Truist Bank also alleged Appellant had constructive notice of the mortgage when it entered into the tax sale agreement for the property. Reply to Petition to Strike, 1/17/24, ¶ 14. Additionally, on January 24, 2024, Truist Bank filed an amended Rule 3129.1 affidavit, naming Appellant as an owner or reputed owner of the property.

The trial court conducted a hearing on Appellant's motions. The trial court directed the parties to submit briefs within 14 days after the hearing. Both parties timely complied. On March 27, 2024, the trial court issued an order and opinion, denying Appellant's petitions to intervene, to open default judgment, and to strike default judgment.

Appellant filed a timely notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issues for review:

1. Did the trial court abuse its discretion when it denied Appellant's petition to intervene?

---

[2] In a statement in lieu of Rule 1925(a) opinion, the trial court stated its intention to rely on the reasoning set forth in its March 27, 2024, opinion.

2. Did the trial court err by denying Appellant's petition to strike default judgment?

3. Did the trial court abuse its discretion when it denied Appellant's petition to open default judgment?

4. The question as to whether the trial court committed error in not using its equitable powers in allowing some form of process to address a property owner's concerns should be a *de novo* review with strict scrutiny of the court[']s actions. [Appellant] has been deprived of its ownership without due process of any kind. This is a violation of the Pennsylvania and United States Constitutional guarantees. The lower court issued [its] opinion without addressing this concern[.]

Appellant's Brief at 6-7 (unnumbered) (issues reordered; some capitalization modified).[3]

Appellant first asserts the trial court abused its discretion by denying its petition to intervene in the mortgage foreclosure proceedings. *Id.* at 21-22 (unnumbered).

Initially, we observe Appellant's argument concerning this issue is largely undeveloped. Appellant failed to cite the procedural rule governing intervention (Pa.R.C.P. 2327), or any pertinent caselaw applying the rule. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion

---

[3] Appellant did not separately address the fourth issue in the argument section of its appellate brief; thus, this claim is waived. *See* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued"); *see also Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (stating that an issue raised in the statement of questions involved, but not developed in the appellant's argument section, will be deemed waived) (citing *Harkins v. Calumet Realty Co.*, 614 A.2d 699, 703 (Pa. Super. 1992)).

and citation of authorities as are deemed pertinent."). Instead, Appellant rests on arguments made in other sections of its brief, and concludes its discussion with a cursory statement that "nothing precludes Appellant from intervention." Appellant's Brief at 22 (unnumbered); **see also id.** at 21 (unnumbered) (stating, "Appellant has already demonstrated why, as an owner of an interest in the property, [it] ought to have been included in the action, and given notice thereof."). Because Appellant's claim is not adequately developed for appellate review, we could deem it waived. **See Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) (stating that "arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention." (internal citation omitted)); **see also Bombar v. West Am. Ins. Co.**, 932 A.2d 78, 93 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Nevertheless, we will address the trial court's denial of Appellant's petition to intervene. "It is well established that a question of intervention is a matter within the sound discretion of the court below[,] and unless there is a manifest abuse of such discretion, its exercise will not be interfered with on review." **Allegheny Anesthesiology Assocs., Inc. v. Allegheny Gen. Hosp.**, 826 A.2d 886, 894-95 (Pa. Super. 2003) (citation omitted).

In general, Pa.R.C.P. 2327 provides that "a person who has a certain recognized interest in the outcome of the litigation shall be permitted to intervene 'at any time during the pendency of an action.'" ***Financial Freedom, SFC v. Cooper***, 21 A.3d 1229, 1231 (Pa. Super. 2011) (citing Pa.R.C.P. 2327).[4]

Here, the trial court concluded Appellant is not an interested party for purposes of intervention because default judgment had been entered before Appellant filed its petition to intervene. Trial Court Opinion, 3/27/24, at 6-7. Thus, the trial court stated, the action was no longer "pending" as required by Rule 2327. ***Id.*** at 8.

---

[4] Rule 2327 allows intervention by persons with the following recognized interests:

> (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
>
> (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2327.

This Court has previously addressed when an action is considered "pending":

> To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only during the pendency of an action that a court may allow intervention. Pa.R.C.P. 2327. An action is "pending", according to Black's Law Dictionary (5th Ed.), when it is:
>
>> begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is "pending" from its inception until the rendition of final judgment.

*Financial Freedom*, 21 A.3d at 1231.

In *Financial Freedom*, plaintiff Financial Freedom filed a complaint in mortgage foreclosure against the estate of the deceased homeowner in May 2009. *Id.* at 1230. Default judgment was entered against the estate in December 2009. *Id.* The appellant later filed a petition to intervene and a motion to open or strike the default judgment, arguing that he had purchased the subject property through a tax sale in November 2009. *Id.* The trial court denied the appellant's petition to intervene "on the basis that the case was no longer pending." *Id.* at 1231.

On direct appeal, this Court agreed, explaining the appellant had filed his petition to intervene **after** entry of a default judgment in favor of Financial Freedom. *Id.* "Therefore, it is clear that [the a]ppellant did not file his petition to intervene during the pendency of the underlying action." *Id.*

Here, Appellant filed its petition to intervene on December 5, 2023, nearly 8 months **after** entry of the default judgment in favor of Truist Bank. Thus, as our decision in **Financial Freedom** makes clear, the underlying mortgage foreclosure action was no longer "pending," and Rule 2737 precludes intervention. Accordingly, Appellant's first claim is without merit.

In its second claim, Appellant argues the trial court erred by denying its petition to strike the default judgment entered in favor of Truist Bank. **See id.** at 14-17 (unnumbered). Appellant disputes the trial court's conclusion that no errors were apparent on the face of the record, and argues the record is incomplete because it was compiled by Truist Bank. **Id.** at 15 (unnumbered); **see also id.** (alleging "the record should have been made to reflect the ownership of the property before [Truist Bank] requested default judgment" (some capitalization modified)). Appellant claims Truist Bank never identified Appellant's interest in the property. **Id.** According to Appellant, Truist Bank "knew or should have known" about the property interests held by Appellant and the Tax Review Board of Lackawanna County.[5] **Id.** at 15-16 (unnumbered). Appellant also claims the private sale agreement bestowed upon it a valid interest in the property, notwithstanding the delay in recording that interest. **Id.** at 16-17 (unnumbered).

---

[5] Appellant's reference to the Tax Review Board of Lackawanna County appears to be in error, as the property is situated in Schuylkill County. **See** Complaint, 11/23/24, Exhibit A (legal description of the property).

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267 (Pa. Super. 2015). Accordingly, "our standard of review is *de novo* and our scope of review is plenary." ***Id.*** (citation and quotation marks omitted).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, **a court may only look at what was in the record when the judgment was entered**.

***Roy by and through Roy v. Rue***, 273 A.3d 1174, 1181-82 (Pa. Super. 2022) (emphasis added; citation and brackets omitted). "Importantly, a petition to strike does not involve the discretion of the trial court." ***Oswald v. WB Public Square Assocs., LLC***, 80 A.3d 790, 794 (Pa. Super. 2013) (citation and brackets omitted).

"The standard for 'defects' asks whether the procedures mandated by law for the taking of default judgments have been followed." ***Rue***, 273 A.3d at 1182 (citation omitted). This Court has explained:

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the

particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

**Green Acres**, 113 A.3d at 1268 (citation omitted).

In rejecting Appellant's argument, the trial court stated:

[Appellant] ignores that a petition to strike default judgment shall only consider the record on its face as it existed at the time the judgment was entered. Here, **the record makes no mention of** [**Appellant's**] **interest at the time the judgment was entered.** The sales agreement with the Tax Claim Bureau did not result in an actual deed to the property being delivered to [Appellant] until after default judgment had already been entered. Moreover, the record credits the interest in the property to [Mraz]. A private agreement between [Appellant] and the Tax Claim Bureau does not establish a fatal defect on the face of the record as it existed at the time of the commencement of this action….

Trial Court Opinion, 3/27/24, at 4 (emphasis added).

Though not clearly set forth in its appellate brief, Appellant generally asserts Truist Bank failed to name Appellant in the action, as required by Pa.R.C.P. 1144. A plaintiff's failure to name an indispensable party as a defendant in a foreclosure action implicates the trial court's jurisdiction. **See generally Sabella v. Appalachian Dev. Corp.**, 103 A.3d 83, 90 (Pa. Super. 2014) ("The absence of an indispensable party goes absolutely to the court's jurisdiction.") (citation omitted).

Pennsylvania Rule of Civil Procedure 1144 provides the following:[6]

**Rule 1144.  Parties.  Release of Liability**

(a) The plaintiff shall name as defendants

(1) the mortgagor;

(2) the personal representative, heir or devisee of a deceased mortgagor, if known; and

(3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.

(b) Unless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint that the plaintiff released such person from liability for the debt secured by the mortgage.

Pa.R.C.P. 1144.

Appellant believes itself to be the real owner of the property based on the private sale agreement.  However, this Court has held that a "real owner" is one "who ha[s] liability on the mortgage[.]"  *U.S. Bank Nat'l Assoc. v. Watters*, 163 A.3d 1019, 1026 (Pa. Super. 2017); *see also id.* at 1026-27 (concluding wife, in the midst of divorce proceedings, was not a real owner because she was not named on the mortgage, and any interest she had in the property was merely equitable before the divorce was finalized).

In *Financial Freedom* (the relevant facts of which are summarized *infra*), the appellant purchased the property at a tax sale prior to the entry of

---

[6] Appellant fails to cite or discuss this procedural rule in its appellate brief. *See* Pa.R.A.P. 2119(a).

default judgment, but approximately 6 months **after** Financial Freedom filed the complaint. *Financial Freedom*, 21 A.3d at 1230. This Court concluded that Financial Freedom was not required to join the appellant as a party, because the appellant "acquired his interest during the course of the mortgage foreclosure proceeding[.]" *Id.* at 1231-32. We explained, "[o]nce a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by the decree and need not be joined." *Id.* at 1232.

On review, we conclude Appellant was not an indispensable party. We acknowledge that here, unlike in *Financial Freedom*, Appellant entered a private sale agreement pertaining to the property before Truist Bank initiated foreclosure proceedings. Importantly, however, Appellant did not record the deed until May 18, 2023, several months **after** Truist Bank filed its complaint. Thus, Appellant was not a real owner before the proceedings commenced,[7] and Truist Bank was not required to name Appellant as a defendant under Pa.R.C.P. 1144. *See Watters*, 163 A.3d at 1026-27; *see also Wells Fargo Bank, NA v. Pilchesky*, 240 A.3d 125, 1199 MDA 2019 (Pa. Super. 2020) (unpublished memorandum at 9) (concluding the appellant was not required

---

[7] Indeed, Appellant describes its interest as equitable. *See* Appellant's Brief at 19 (unnumbered) ("Appellant's equitable interest in [the property] could not be rendered invalid."); *see also id.* (Appellant describing itself as "the owner of a beneficial interest" in the property).

to be given notice of a mortgage foreclosure action, where the appellant was not a record owner and had no liability on the mortgage).[8, 9]

Based upon the foregoing, we agree with the trial court's conclusion that there was no fatal defect on the face of the record at the time default judgment was entered. Therefore, the trial court did not err by denying Appellant's petition to strike the default judgment.

_____

[8] We reference our decision in **Pilchesky** only for persuasive value. **See** Pa.R.A.P. 126(b) (providing unpublished non-precedential memorandum decisions of the Superior Court filed **after** May 1, 2019, may be cited for their persuasive value).

[9] We additionally observe the private tax sale agreement placed the onus on Appellant to determine whether the property was subject to any encumbrances:

> **BIDDER UNDERSTANDS**
>
> ….
>
> C. There MAY be liens, judgments or mortgages filed against the property. It is the responsibility of the BIDDER to determine the existence of any liens, etc. filed against the property.
>
> D. Pursuant to 72 P.S. [§] 5931, all sales by the Tax Claim Bureau are subject to the rule of **CAVEAT EMPTOR**. In every case, the property is offered for sale by the Bureau **WITHOUT GUARANTY OR WARRANTY WHATSOEVER**, whether as to existence, correctness or ownership, size, boundaries, location, structures or lack of structures upon the land, liens, titles or any matter or thing whatever.

Petition to Intervene, 12/5/23, Exhibit B (Private Sale Agreement) (emphasis in original).

In its third claim, Appellant contends the trial court abused its discretion by denying Appellant's petition to open the default judgment. ***See*** Appellant's Brief at 17-21 (unnumbered). Appellant claims it promptly filed its petition to open after discovering a default judgment had been entered. ***Id.*** at 17-18 (unnumbered). Appellant asserts its failure to appear or raise a defense is excusable because Truist Bank failed to notify Appellant of the foreclosure proceedings. ***Id.*** at 18 (unnumbered). Appellant also claims it has meritorious defenses, *i.e.*, the transfer of the mortgage to Truist Bank was invalid, and Truist Bank did not serve Appellant with required notices. ***Id.*** Additionally, Appellant argues "the recording of a deed of transfer should not be a prerequisite to a party being included in an action as the owner of a beneficial interest in real property." ***Id.*** at 19 (unnumbered).

We adhere to the following standard of review:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. However, we will not hesitate to find an abuse of discretion if, after our own review of the case, we find that the equities clearly favored opening the judgment.

***Smith v. Morrell Beer Distribs., Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011) (paragraph break and brackets omitted).

A petitioner seeking to open a default judgment must establish three requirements: "(1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; **and** (3) a reasonable excuse or explanation for its

- 15 -

failure to file a responsive pleading." *Id.* (emphasis added; citation omitted). A petitioner must satisfy all three requirements.

Preliminarily, we observe Appellant provides only bald assertions that it established these requirements, without discussion of supporting caselaw. *See* Pa.R.A.P. 2119(a); *see also Lackner*, 892 A.2d at 29. We also note that, rather than presenting fully developed arguments, Appellant states that it "will be able to cite many cases where the court has ruled with their argument." Appellant's Brief at 18-19 (unnumbered). Though we could deem Appellant's claim waived on this basis, we briefly address the merits.

The trial court concluded Appellant failed to establish the requirements for opening default judgment:

> [I]t is clear that [Appellant] failed to explain how its petition could be construed as "promptly" filed. [Appellant] likewise fails to establish a reasonable explanation or excuse for the initial entry of the default judgment under the second element [in *Smith*, *supra*]. [Appellant] conceded at oral argument that no title search was conducted.[10] Had [Appellant] conducted a proper title search before acquiring equitable title, [Appellant] would have been aware of the mortgage of the property. Additionally, [Appellant] had one year and six months of equitable title before default judgment was entered. Had [Appellant] conducted a title search within this time frame[, Appellant] also would have been aware of the foreclosure proceedings. [Appellant's] failure to appear or file a timely answer cannot be excused.

---

[10] The certified record does not include transcripts from the hearing on Appellant's motion. *See Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) ("It is the responsibility of the appellant to provide a complete record to the appellate court on appeal…."). Nevertheless, Appellant does not dispute its failure to perform a title search.

Assuming *arguendo* that [Appellant] was able to meet the first two elements [of **Smith**], it fails to meet the [remaining] element requiring a meritorious defense to the underlying claim. Mere broad assertions will not assist the moving party[,] as meritorious defenses must be set forth in "precise, specific, and clear terms." Although [Appellant] asserts its failure to answer the initial case "can be clearly explained by the lack of notice of the action[,]" [Truist Bank] was not required to give notice to [Appellant] at any stage of the foreclosure action where equitable title is not enough to be considered a "real owner" under Pa.R.C.P. 1144(a)(3).

Trial Court Opinion, 3/27/24, at 5-6 (footnote added; some citations omitted).

We agree with the sound reasoning of the trial court and otherwise discern no abuse of the court's discretion. As Appellant failed to establish the requirements for opening a default judgment, it is not entitled to relief on its final claim.

Based upon the foregoing, we affirm the trial court's order denying Appellant's petitions to intervene, to strike the default judgment, and to open the default judgment.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2024

- 17 -